UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

NICHOLAS RAO,

                Plaintiff,

      -against-

JOHN T. THUO, LUCY N. THIONGO,
PETER T. BETHONEY, and NICOLLETTE A.
LYNCH,

                Defendants.
----------------------------------------------------------X

LUCY N. THIONGO and JOHN T. THUO,

                Cross-Claimants,

      -against-

PETER T. BETHONEY and NICOLLETTE A.
LYNCH,

                Cross-Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
20-CV-03582 (DG) (SJB)

DIANE GUJARATI, United States District Judge:

On August 10, 2020, Plaintiff Nicholas Rao commenced this action against Defendants

John T. Thuo, Lucy N. Thiongo, Peter T. Bethoney, and Nicollette A. Lynch, seeking damages

based on a motor vehicle accident that took place in Middlesex County, Massachusetts on

August 17, 2017.  Compl., ECF No. 1.  The Complaint alleged that a motor vehicle owned by

Thiongo (a Massachusetts resident) and operated by Thuo (a Massachusetts resident) collided

with a vehicle owned by Lynch (a Massachusetts resident) and operated by Bethoney (a

Massachusetts resident) and that, as a result, the vehicle operated by Bethoney struck a vehicle operated by Plaintiff, causing injury to Plaintiff.  *Id.* ¶¶ 5[1]-8, 22-27.[2]

On January 19, 2021, Lynch moved for a pre-motion conference in anticipation of filing a motion to dismiss on the grounds of lack of personal jurisdiction and improper venue, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively.  ECF No. 13.  On January 26, 2021, Bethoney moved for a pre-motion conference in anticipation of filing a motion to dismiss on the ground of lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).  ECF No. 17.  On January 26, 2021, Thuo and Thiongo answered the Complaint and brought a crossclaim against Lynch and Bethoney.  ECF No. 18.

By letter dated January 31, 2021, Plaintiff requested that this action remain in the Eastern District of New York.  Pl.'s Ltr. at 2, ECF No. 19.  Plaintiff argued that the case should remain in this Court for the convenience of Plaintiff and his anticipated medical witnesses.  *Id.* at 1-2. Plaintiff alternatively requested that the action be transferred to the United States District Court for the District of Massachusetts, rather than dismissed, "should the Court find against [P]laintiff on the issue of personal jurisdiction."  *Id.* at 2.

A conference was held before the Court on February 25, 2021, at which the intended motions to dismiss and the possibility of a venue transfer were discussed.  *See* Transcript of February 25, 2021 Conference ("Tr."), ECF No. 28.  A briefing schedule was set for the anticipated motions to dismiss, which would take effect only if the Court did not transfer the case

---

[1]  The Complaint contains two paragraphs that are numbered "5," the Court here references the second of those paragraphs.

[2]  A subsequently-filed Amended Complaint, described further below, repeated these allegations.  *See* Am. Compl. ¶¶ 5-8, 22-26, ECF No. 27.

to the District of Massachusetts.  Tr. at 10-11.  At the conference, Lynch and Bethoney declined

to consent to a transfer of venue.  *Id.* at 8-9.

On March 1, 2021, the Court issued an Order to Show Cause why the action should not

be dismissed for lack of subject matter jurisdiction and stayed the briefing schedule for the

motions to dismiss.  On March 9, 2021, Plaintiff filed an Amended Complaint, in which he

properly alleged subject matter jurisdiction.[3]  The Amended Complaint largely repeated the

allegations contained in the original Complaint, including the allegations regarding the facts of

the motor vehicle accident on August 17, 2021.  *See* Am. Compl. ¶¶ 4-29.

For the reasons set forth below, the Court orders that this case be transferred to the

United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1406(a).

**DISCUSSION**

**I.      Applicable Law**

Title 28, United States Code, Section 1391(b) in relevant part provides that a civil action

may be brought in "(1) a judicial district in which any defendant resides, if all defendants are

residents of the State in which the district is located" or "(2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred."  Title 28, United

States Code, Section 1406(a) ("Section 1406(a)") provides that "[t]he district court of a district in

which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the

interest of justice, transfer such case to any district or division in which it could have been

brought."

_____

[3]  The original Complaint had failed to allege that the amount in controversy exceeded $75,000
and had failed to properly allege diversity jurisdiction.  The Amended Complaint cured those
defects.  *See* Am. Compl. ¶¶ 3-8.

A transfer under Section 1406(a) may be made upon motion or by a court *sua sponte*. *See Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371-72 n.3 (2d Cir. 1966); *Pisani v. Diener*, No. 07-CV-5118, 2009 WL 749893, at *8 (E.D.N.Y. Mar. 17, 2009) (collecting cases); *Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 927 F. Supp. 731, 736 (S.D.N.Y. 1996).  Additionally, a court has the power to transfer a case even if the court lacks personal jurisdiction over the defendants.  *See Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 78-79 (2d Cir. 1978); *see also SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 n.9 (2d Cir.), *cert. denied*, 531 U.S. 824 (2000).

**II**.     **Transfer to the District of Massachusetts is Permissible and in the Interest of Justice**

Transfer of this action to the District of Massachusetts is appropriate under Section 1406(a).  First, this action was filed in the wrong venue.  Because all Defendants are alleged to be residents of Massachusetts and the motor vehicle accident is alleged to have occurred in Massachusetts, venue is proper in the District of Massachusetts, not the Eastern District of New York.  *See* 28 U.S.C. § 1391(b).  Plaintiff's proffer that he and his anticipated medical witnesses are located in New York, *see* Pl.'s Ltr. at 1-2, does not alter that conclusion.  *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) ("[I]n most instances, the purpose of statutorily defined venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173,

4

183-84 (1979))).[4]  Second, a lack of personal jurisdiction over (certain of) the Defendants[5] does

not bar transfer pursuant to Section 1406(a).  *See Corke*, 572 F.2d at 78-80; *SongByrd*, 206 F.3d

at 179 n.9.  Third, a transfer – rather than dismissal – is "in the interest of justice."  28 U.S.C.

§ 1406(a).

　　　"When considering whether a transfer would serve the interest of justice, [the court] must

weigh 'the equities of dismissing a claim when it could be transferred.'"  *Ruiz v. Mukasey*, 552

F.3d 269, 276 (2d Cir. 2009) (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)).

"Factors militating for a transfer include a finding that a new action filed by the litigant would be

barred as untimely, and a finding that the original action was filed in good faith."  *Liriano*, 95

F.3d at 122.

　　　The record here contains no indication that the action was filed in this Court in anything

other than good faith; indeed, the record suggests that Plaintiff filed the action here because he is

a New York resident and his anticipated medical witnesses are located in New York.  *See* Pl.'s

Ltr. at 1-2.  More specifically, Plaintiff has argued that "all treating physicians and surgeons are

located in the State of New York" and that "[i]t would be unduly burdensome to [him] as well as

to all of the medical witnesses to travel to a [c]ourt in the State of Massachusetts."  *Id.*

Furthermore, because Massachusetts's applicable three-year statute of limitations has expired,

---

[4]  That Thiongo and Thuo have filed an Answer, thereby waiving their ability to bring venue
challenges here, does not alter the Court's conclusion that venue was improper in the Eastern
District of New York when the action was filed, or the Court's conclusion that it has the
authority to transfer this action now.  *See Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d
Cir. 1992) (citing *Corke* and discussing cases in which transfer under Section 1406 has been
permitted notwithstanding proper venue).

[5]  At the February 25, 2021 conference, Plaintiff acknowledged that the Complaint "does not
allege anything that would establish personal jurisdiction."  Tr. at 5.  Additionally, Lynch and
Bethoney (who, unlike Thiongo and Thuo, have not filed Answers) have not submitted to
personal jurisdiction here.  *Id.* at 6-7.

*see* Mass. Gen. Laws ch. 260, § 4, "refusal to transfer would severely prejudice" Plaintiff, while a grant of "transfer would work no hardship on" Defendants nor prejudice their "position on the merits," *Corke*, 572 F.2d at 80 (ordering transfer of action where dismissal would bar institution of new action under statute of limitations and where transfer would enable personal jurisdiction over all defendants).

     Accordingly, transfer is appropriate, and this case will be transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1406(a).

## CONCLUSION

     For the reasons set forth above, the Clerk of Court is directed to TRANSFER this action to the United States District Court for the District of Massachusetts.

     SO ORDERED.

                                */s/ Diane Gujarati*_____
                                  DIANE GUJARATI
                                  United States District Judge

Dated: March 16, 2021
       Brooklyn, New York